MELLEN HOLMES, COLLECTOR

*vs.*

LEROY M. HILLIARD, AND TRUSTEE.

Androscoggin. Opinion October 28, 1931.

*Tascus Atwood,* for plaintiff.
*Oakes & Farnum,* for trustee.

SITTING: PATTANGALL, C. J., DUNN, STURGIS, BARNES, FARRING-
TON, THAXTER, JJ.

DUNN, J. The single question which exception raises is whether,
on default of the principal defendant, in this action of debt for
taxes, the alleged trustee was legally holden.

The defendant entered into a written contract that, in the year
1930, he would raise a crop of sweet corn, and sell and deliver to
the trustee, so much thereof as should have the approval of the lat-
ter as to quality. The trustee agreed to pay the defendant a stipu-
lated price "for all his corn so received . . . within sixty days from
the close of the canning season."

One day, when a field man employed by the trustee was at de-
fendant's farm inspecting corn, and indicating that which could be
delivered, defendant said to him: "Fernald, I've got to have some
money before it is due from the company. Can you let me have it if
I will give you an order?" The man answered that he would.

Defendant drew his order on the trustee, saying: "Please pay to
James Fernald the sum of six hundred dollars ($600) and charge
the same to my account."

The order was presented to the drawee corporation, after serv-
ice of the trustee writ, but not accepted in writing. R. S., Chap.
123, Sec. 4.

At the time of such service, the worth of the corn which had been

delivered, in partial performance of the contract, was $296.53. For that amount, less costs, the alleged trustee was charged.

The validity of trustee process depends upon the state of facts existing at the time of the service of the writ on the alleged trustee. *Williams* v. *Androscoggin, etc., R. Co.*, 36 Me., 201.

Whether the written order indicates that the parties intended thereby to transfer the right to a particular fund, so that, equitable considerations prevailing, the writing should, to effectuate purpose, be treated as an assignment of the fund, operative as against the later attachment, it is quite unnecessary to decide.

"No person shall be adjudged trustee:

"IV. By reason of any money or other thing due from him to the principal defendant, unless . . . it is due absolutely and not on any contingency." So read the statutes. R. S., Chap. 100, Sec. 55, Cl. IV.

Trustee process is not designed to attach that to the possession and enjoyment of which the principal defendant may never succeed. *Dwinel* v. *Stone*, 30 Me., 384; *Cutter* v. *Perkins*, 47 Me., 557; *Jordan* v. *Jordan*, 75 Me., 100; *Hussey* v. *Titcomb*, 127 Me., 423.

Where money was to be paid on the contingency that work be well performed, trustee process was premature until the work had been duly performed. *Williams* v. *Androscoggin, etc., R. Co.*, supra. Likewise, in the instance of the wages of a school teacher employed for a definite term, until the expiration of which he was not entitled to receive any part of his pay. *Norton* v. *Soule*, 75 Me., 385. Nor did it affect the case that the teacher subsequently kept the term out. *Norton* v. *Soule*, supra. "The price," it is said in *Otis* v. *Ford*, 54 Me., 104, where the job was that of repairing the sills of a store, "was payable upon completion of the work. There was, therefore, nothing due from the trustee to the principal defendant, when service of the trustee process was made upon him; *non constat* that there ever would be."

Upon exceptions in a trustee process, in similarity to review on an appeal in equity, this court can not only overrule or sustain the exceptions, but also reëxamine and determine the whole case, or make such final disposition of it as justice requires. R. S., Chap. 100, Sec. 79; *Walcott* v. *Richman*, 94 Me., 364.

Conclusion is, that absolute liability of the trustee to the defendant accrued only upon full delivery by the latter of all approved corn. The trustee process having been left in service in advance of this, that process was unavailing. This conclusion requires the sustaining of the exception and the discharging of the trustee.

A witness, it has not been overlooked, testified that, when the attachment was made, the sum for which the trustee was charged was due, but not yet payable to the principal defendant. The witness, it is only too plain, misinterpreted the contract.

Entry will be,

> *Exception sustained.*
> *Trustee discharged from*
> *the action.*