## LAND INVESTMENT, INC.

### v.

### William MURPHY and Whitecaps and Liberty National Bank of Ellsworth, Trustee.

Supreme Judicial Court of Maine.

April 14, 1978.

Jordan I. Kobritz, Harold C. Hamilton, II (orally) Bangor, for plaintiff.

Blaisdell & Blaisdell, by Malcolm S. Stevenson (orally), Ellsworth, for defendant.

Before McKUSICK, C. J., and POMEROY, WERNICK, ARCHIBALD, DELAHANTY, GODFREY and NICHOLS, JJ.

PER CURIAM.

Pursuant to an ex parte order under Rule 4B, M.R.Civ.P., plaintiff Land Investment, Inc., attached on trustee process certain identified "escrow" accounts held by Liberty National Bank of Ellsworth (Liberty). Plaintiff brought a motion to compel Liberty to disclose. Plaintiff appeals the Superior Court's denial of that motion for disclosure.

The law, Rule 4B(d), M.R.Civ.P., and 14 M.R.S.A. § 2608 (1964), imposes the obligation of disclosure upon the trustee in order to put upon the record those facts

> "upon which the liability of the trustee depends in reference to the business relations with the principal defendant. *It is upon those facts as disclosed by the trustee's sworn statements that the court must decide whether the alleged trustee had credits of the principal defendant in its possession of such a nature and under such conditions as made them available to the plaintiff in trustee process.*" (Emphasis added) *Loyal Erectors, Inc. v. Hamilton & Son, Inc.,* Me., 312 A.2d 748, 751 (1973).

Liberty has shown no ground for avoiding its obligation of disclosure.

Only when the trustee has filed its disclosure under oath setting forth the pertinent facts can the Superior Court determine whether Liberty holds "any money or other thing due from [it] to the principal defendant" which "at the time of the service of the summons upon [Liberty]" was "due absolutely and not on any contingency." 14 M.R.S.A. § 2602(4) (1964). Only then can the Superior Court determine whether Liberty should be adjudged a trustee.

The entry must be:

Appeal sustained.

Remanded to the Superior Court for further proceedings consistent with this opinion.