**UNION MUTUAL FIRE INSURANCE CO.**

**v.**

**INHABITANTS OF the TOWN OF TOPSHAM et al.***

Supreme Judicial Court of Maine.

Argued March 3, 1981.

Reargued Nov. 10, 1981.

Decided Feb. 25, 1982.

* Recaptioned. *See Inhabitants of the Town of Boothbay Harbor v. Russell*, Me., 410 A.2d 554, 557 n. 3 (1980).

Berman, Simmons, Laskoff & Goldberg, John E. Sedgewick (orally), Lewiston, for plaintiff.

Richardson, Tyler & Troubh, David O'Brien (orally), Portland, for Town of Topsham.

Pierce, Atwood, Scribner, Allen, Smith & Lancaster, Charles S. Einsiedler, Jr. (orally), Portland, for Me. Central Railroad.

Before GODFREY, NICHOLS, ROBERTS, CARTER and VIOLETTE, JJ.

GODFREY, Justice.

Union Mutual Fire Insurance Co. appeals from an order of the Superior Court denying its motions for summary judgment and granting the Town of Topsham's motion for summary judgment on the issue of the insurance company's duty to defend the town in a tort action. The insurance company also appeals from a related order of the Superior Court awarding the town the attorneys' fees it expended in defending both the tort action and the insurance company's declaratory judgment action. We affirm the judgment for the Town of Topsham declaring that the plaintiff company had the duty to defend it. We modify the judgment awarding attorneys' fees to the Town to exclude attorneys' fees expended in defending the declaratory judgment action.

### I. The Insurer's Duty to Defend

On February 28, 1977, Union Mutual Fire Insurance Company filed in Superior Court a complaint for declaratory judgment. The complaint alleged that the Town of Topsham had been sued by one Cynthia Berry for the wrongful death of her husband. According to the insurer, Mrs. Berry had claimed that the town had "permitted to exist a dangerous and defective public road and failed to keep the said public road in a safe condition." The company admitted that at the time of the alleged wrongful death it insured the town under a comprehensive general liability policy. However; the company alleged that, by agreement with the town, the policy "specifically excluded streets and roads coverage, so-called," as well as "coverage for any of the bases for liability alleged" in Mrs. Berry's complaint. Accordingly, the company prayed for a judgment declaring that it was under no obligation to defend the town in Mrs. Berry's wrongful death action.

In its answer, the Town of Topsham admitted that under an earlier (1970) liability policy it had purchased from the insurer, "streets and roads coverage" had been excluded, but it denied that streets and roads coverage had been excluded from the 1973 policy in force at the time of Mr. Berry's

death. Hence, the town alleged, the company had a duty to defend the town in this action.

Later, the company was granted leave to amend its complaint to include a count seeking reformation of its policy insuring the Town of Topsham. The company alleged that it was the intent of both parties that the policy in force at the time of the death exclude streets and roads coverage, which had been included only because of a mutual mistake. The insurer prayed that the 1973 insurance contract be reformed to provide for the agreed-on exclusion and, on the basis of the contract as reformed, the company be declared to have no duty to defend the town.

Seven months later the company filed a motion for summary judgment, alleging that there was no material issue of fact concerning the reformation of the policy and that, once the contract was reformed, there was no material issue of fact relating to its duty to defend. Supporting the motion were two affidavits and the town's answers to certain interrogatories propounded by the insurer. The first affidavit, by underwriter Robert Tilley, recited his understanding that the town, not wanting to include "streets and roads coverage" in the 1973 policy because of the cost, had agreed to exclude such coverage, and that an exclusionary endorsement relating to streets and roads had been "overlooked and unintentionally excluded." Tilley further stated that he had forwarded an exclusion endorsement to the town's insurance agent in June of 1975, over two years after the policy went into effect. The second affidavit, by the town's insurance agent, confirmed that he had received the exclusion endorsement and had forwarded it to the town. The town's answers to the insurer's interrogatories tended to show that there was a mutual mistake about the exclusion of coverage for the existence of streets and roads in the renewed policy and that Tilley's subsequent exclusion endorsement correctly expressed the parties' original intention to exclude such coverage.

In opposition to the insurer's motion for summary judgment, the Town of Topsham submitted an affidavit that tended to show that only the insurance company intended to exclude coverage for liability arising out of the existence of streets and roads. The town also submitted copies of both the original (1970) policy and the replacement (1973) policy it had received from Union Mutual Fire Insurance Company. Finally, the town filed its own motion for a partial summary judgment declaring the company obligated to defend it in Mrs. Berry's wrongful death action.

On July 11, 1979, the Superior Court issued an order denying the company's motions for summary judgment and granting the town's motion for partial summary judgment. The presiding justice first ruled that the insurer had a duty to defend its insured if the facts alleged in the underlying complaint against the insured appeared to bring the liability claim within the policy coverage. Mrs. Berry's underlying complaint against the Town of Topsham alleged, among other things, that the town had failed to maintain an intersection between one of its roads and a railroad track "in a safe condition so that upon perceiving the approach of a train, a motorist could apply his brakes and stop within a reasonable time before reaching said tracks." Noting this allegation, the Superior Court then examined the insurance policy for provisions affecting coverage of the town's possible liability for Mrs. Berry's claim.

The policy purported to provide the town with "comprehensive general liability insurance." However, the policy contained a "mandatory governmental exclusion endorsement" which stated in pertinent part:

1. The insurance does not apply to bodily injury or property damage arising out of:

(a) The ownership, maintenance, supervision, use or control of streets .... but this exclusion does not apply to bodily injury or property damage which arises out of and occurs during the performance of construction, street cleaning and repair operations ....

The presiding justice also had before him the additional exclusion endorsement that the company asserted was omitted by mistake. That endorsement indicated that

1. The insurance does not apply to bodily injury or property damage which arises out of:

(a) The existence of streets ... but this exclusion does not apply to bodily injury or property damage which arises out of and occurs during the performance of construction, street cleaning and repair operations ....

Because, even with the additional exclusion endorsement, the policy provided coverage for bodily injury which arises out of and occurs during the performance of street cleaning and repair operations, the Superior Court found that the policy could possibly cover Mrs. Berry's wrongful death claim against the town. Accordingly, the presiding justice ruled that the insurer had a duty to defend the town in Mrs. Berry's action. Since incorporation of the additional exclusion endorsement into the insurance policy would not have affected his decision concerning the insurance company's duty to defend, the justice expressly declined to decide whether the policy should be reformed so as to include the additional exclusion endorsement.

### A. The Superior Court's Decision on the Merits

The company argues that the Superior Court erred in concluding that the company had a duty to defend the town in Mrs. Berry's wrongful death action. In the insurer's view, the allegations in the complaint for wrongful death must be read as relating to liability stemming from the existence of streets rather than from street cleaning or repair. On that hypothesis, according to the company, the additional exclusion endorsement shows a lack of coverage for the liability claim and the company has no duty to defend the town. The argument expresses too narrow a conception of the duty to defend.

In order for the duty of defense to arise, the underlying complaint need only show, through general allegations, a possibility that the liability claim falls within the insurance coverage. There is no requirement that the facts alleged in the complaint specifically and unequivocally make out a claim within the coverage. Moreover, where there is an ambiguity in the language of the policy, the doubt should be resolved in favor of finding that the insurer has a duty to defend the insured. *Travelers Indemnity Co. v. Dingwell*, Me., 414 A.2d 220 (1980).

The underlying complaint for wrongful death alleged, among other things, that the town failed to maintain a road leading to a railroad crossing so that a motorist could apply his brakes and stop before reaching the railroad tracks. Mrs. Berry claimed that her husband was killed when the vehicle he was driving collided with a train at the railroad crossing. Although her allegation could be viewed as charging a defect in the design of the road itself, thereby possibly bringing her claim within the exclusion of liability for injury arising out of the existence of the roadway, it is equally reasonable to read her complaint as alleging that the town was negligent in the performance of street cleaning or repair.[1] Because Mrs. Berry's wrongful death complaint raised the possibility that her claim fell within the coverage provisions of the policy, the company was under a duty to defend the town in the wrongful death action. We find no error either in the Superior Court's result or in its reasoning.

### B. The Need for Reformation

The insurance company contends that the Superior Court erred in deciding that the company had a duty to defend the town

---

1. We need not decide the scope of the phrase, "bodily injury which *arises out of and occurs during* the performance of construction, street cleaning, and repair operations," as used in the insurance policy. It is sufficient, for the purpose of determining the insurer's duty to defend, that the wrongful death complaint raised the possibility that the liability claim would fit within that language. *Travelers Indemnity Co. v. Dingwell*, Me., 414 A.2d 220 (1980).

without first ruling on whether the insurance policy should be reformed. In the insurer's view, a court may not construe an insurance contract without considering all the applicable provisions of the policy. Although the company recites a correct rule of law, it appears to misinterpret the Superior Court's action.

Although it is true that an insurance policy must be construed in its entirety, *see Benedix v. Boston Old Colony Ins. Co.,* Me., 417 A.2d 453 (1980), in the present case the Superior Court was scrutinizing the coverage provisions of the policy only for the purpose of determining whether the company had a duty to defend the town in Mrs. Berry's wrongful death action. Whether the insurer had such a duty depended merely on whether Mrs. Berry's complaint alleged facts that might possibly bring her claim within the policy coverage. *American Policyholders' Ins. Co. v. Cumberland Cold Storage,* Me., 373 A.2d 247 (1977). The presiding justice's only task was to interpret and apply the language excepting from the streets-and-roads exclusion injury "arising out of and occurring during the performance of street cleaning and repair operations." This language of exception was in both the basic policy and the endorsement.

█ Every relevant portion of the insurance policy was before the Superior Court when it determined that the insurance company was obliged to defend the Town of Topsham. The presiding justice scrutinized not only the basic insurance contract but also the additional exclusion endorsement that the insurer alleges was omitted by mistake. Having found that the company would have a duty of defense whether or not the policy were reformed to include the additional exclusion endorsement, the justice properly declined to decide whether reformation should be granted.[2]

## C. *The Superior Court's Consideration of the Wrongful Death Complaint*

The insurer further objects that the presiding justice improperly considered the complaint in Mrs. Berry's wrongful death action when ruling on the motions for summary judgment. No party had formally introduced that complaint into the record before the Superior Court. Because the only evidence of the contents of Mrs. Berry's underlying wrongful death complaint presented by the parties in the instant case was the insurer's summary of that complaint in its petition for declaratory judgment, the company contends that its summary was the only matter that could be used by the court in determining whether the company had a duty of defense. We disagree.

█ Although none of the parties had introduced Mrs. Berry's complaint into the record, the presiding justice was not precluded from taking judicial notice of that complaint. Under M.R.Evid. 201 a court may take judicial notice, whether requested or not, of a fact that can be accurately and readily determined by resort to sources whose accuracy cannot reasonably be questioned. Such matters include, among others, the prior pleadings filed in the same court in an action related to the cause pending before the court. *See Warren v. Waterville Urban Renewal Authority,* Me., 290 A.2d 362, 367 (1972). The Superior Court committed no error in considering Mrs. Berry's complaint for wrongful death when deciding whether the insurance company

---

**2.** We have previously noted that the duty to indemnify is more narrow than the duty to defend. Whereas the duty to defend depends only upon the facts alleged in the complaint, the duty to indemnify depends upon the facts proved at trial. Because in this case the insurer's obligation to indemnify the insured turns on the resolution of disputed material facts, summary judgment was an inappropriate vehicle for deciding that issue. *See American Policyholders' Ins. Co. v. Cumberland Cold Storage,* Me., 373 A.2d 247, 250–51 (1977). Hence, the presiding justice properly reserved the question whether the coverage provisions of the policy should be reformed until the insurer's duty to indemnify was properly before the Superior Court.

had a duty to defend the Town of Topsham.[3]

## II. *The Award of Attorneys' Fees*

After the Superior Court ruled that the insurance company had a duty of defense, the town moved for a summary judgment awarding it the attorneys' fees it had expended in defending both the wrongful death action and the insurance company's declaratory judgment action. Since the parties had stipulated to the amount of the attorneys' fees, the only issue was whether the town was legally entitled to recover those fees.

The Superior Court awarded the town the attorneys' fees it had expended in defending both actions. First, the presiding justice ruled that since the insurance company had not fulfilled its duty to defend its insured in the wrongful death action, it was liable for damages in the amount of the town's costs of defending Mrs. Berry's suit. The company does not challenge that award. Because, in the trial court's view, the company was obligated to restore the insured town to the position it would have been in if the insurer had defended it, the company was also ordered to reimburse the town for the attorneys' fees it had expended in defending the declaratory judgment action. Alternatively, the judge regarded the costs of defending the declaratory judgment action as an expense incurred by the insured at the insurer's request. That construction invoked a provision of the insurance policy that required the insurer to reimburse its insured for all "reasonable expenses incurred by the insured at the Company's request . . . ."

On appeal the insurance company asserts that the Superior Court's award of attorneys' fees in the declaratory judgment action violated the so-called "American rule" that the victorious party in a lawsuit may not recover his attorneys' fees. The company argues, also, that the court's conclusion that the insurance policy itself authorized

the award amounted to a distortion of the policy language.

The Town of Topsham notes that although this Court normally adheres to the general principle that a victorious litigant is not entitled to recover his attorneys' fees, it has indicated that there may be exceptions to that principle. *See Dodge v. United Services Automobile Ass'n*, Me., 417 A.2d 969, 975–76 (1980). In the present case, the insurer has breached its duty to spare the insured from the expenses of defending the wrongful death action. The town contends that if the insured is required to absorb the attorneys' fees it incurred in defending the insurer's declaratory judgment action, it may be in no better financial position than if it had never had a contractual right to be defended by the insurance company. *See* 7C J. Appleman, *Insurance Law and Practice* § 4691, at 281–83 (1979). The company's failure to defend has damaged the insured not only in the amounts the insured has expended in defending the underlying claim but also in the amount of reasonable costs the insured has incurred in protecting its contractual right to defense. In order to be restored to its position before the breach, the town argues, the insured must be reimbursed for all reasonable litigation expenses that stem from the breach, citing *Motorists Mutual Ins. Co. v. Trainor*, 33 Ohio St.2d 41, 294 N.E.2d 874 (1973).

No provision of the Maine statutes or rules of court appears to control the resolution of the issue presented in this case. The Maine version of the Uniform Declaratory Judgments Act (14 M.R.S.A. ch. 707 (1980)) contains no language that is pertinent to the question. *See Rocky Mountain Fire & Cas. Co. v. Rose*, 62 Wash.2d 896, 385 P.2d 45 (1963), holding that the costs provision of the Uniform Declaratory Judgment Act (*see* 14 M.R.S.A. § 5962) does not apply to attorneys' fees. This Court must therefore decide, in the absence of relevant statute or contractual provision, whether the insured town is entitled to recover attorneys' fees it

---

**3.** M.R.Evid. 201(e) entitles the parties to object to the court's taking judicial notice, upon timely request for a hearing. In this case there was no such request, and there has been no challenge to the authenticity of the wrongful death complaint.

has expended in defending successfully the declaratory judgment action brought by its liability insurer in order to determine whether the insurer had a duty to defend the town under the coverage of the policy.

There has been a remarkable amount of litigation on this issue throughout the United States during the last twenty years. The cases are analyzed helpfully in an annotation entitled "Insured's Right to Recover Attorneys' Fees Incurred in Declaratory Judgment Action to Determine Existence of Coverage Under Liability Policy," 87 A.L.R.3d 429 (1978 & Supp.1981). The highest courts of a number of states, including, among others, Idaho, Maryland, Minnesota, Ohio and Utah, have held that the insured who has incurred attorneys' fees in successful declaratory judgment litigation with his insurer may recover them from the insurer.[4] The highest courts of a somewhat larger group of states, including, among others, Alabama, California, Iowa, New Jersey, Tennessee, and Washington, have denied such recovery.[5] Intermediate appellate courts in Georgia, Illinois and Michigan have also denied recovery.[6]

The New York rule appears to be that the insured is entitled to recover his expenses in defending such a declaratory judgment action, but is not entitled to recover such expenses if he has himself, as plaintiff, brought the declaratory judgment action in order to determine the extent of coverage.[7] In Pennsylvania, the insured will be denied recovery in the absence of a

showing that the insurance company acted in bad faith or obdurately refused, without reasonable cause, to defend the insured. *Montgomery Ward & Co. v. Pacific Indem. Co.*, 557 F.2d 51 (3d Cir. 1977) (applying Pennsylvania law in a diversity case and finding bad faith and obdurate behavior).

The cases permitting recovery have usually done so on the ground that the insured is entitled to be in as good financial position as if the insurer had fulfilled its contractual duty to defend him. *See Motorists Mutual Ins. Co. v. Trainor, supra.* Some courts have said that when the insurer brings its declaratory judgment action against the insured, it is in effect "requesting" him to "incur" reasonable expenses within the meaning of the provision of the policy requiring the company to reimburse him for all "reasonable expenses incurred by the insured at the Company's request." *Occidental Fire & Cas. Co. v. Cook*, 92 Idaho 7, 435 P.2d 364 (1967). That theory of recovery has been rejected as a "play upon words" by the Fifth Circuit in *Milwaukee Mechanics Ins. Co. v. Davis*, 198 F.2d 441, 445 (5th Cir. 1952) (recovery denied).

In the present case, the insurer argues that the effect of awarding attorneys' fees for unsuccessful prosecution of a declaratory judgment action on coverage results in chilling the normal right of liability carriers to litigate what may be a genuine dispute about coverage. More pointedly, appellant notes that the Maine law has not yet been settled as to (1) whether a liability insurer

---

4. *Occidental Fire & Cas. Co. v. Cook*, 92 Idaho 7, 435 P.2d 364 (1967); *Cohen v. American Home Assurance Co.*, 255 Md. 334, 258 A.2d 225 (1969); *Lanoue v. Firemen's Fund Am. Ins. Cos.*, 278 N.W.2d 49 (Minn.1979), *following and reaffirming, Morrison v. Swenson*, 274 Minn. 127, 142 N.W.2d 640 (1966); *Motorists Mutual Ins. Co. v. Trainor*, 33 Ohio St.2d 41, 62 Ohio Op.2d 402, 294 N.E.2d 874 (1973); *American States Ins. Co. v. Walker*, 26 Utah 2d 161, 486 P.2d 1042 (1971).

5. *Inland Mut. Ins. Co. v. Hightower*, 274 Ala. 52, 145 So.2d 422 (1962); *O'Morrow v. Borad*, 27 Cal.2d 794, 167 P.2d 483 (1946); *New Hampshire Ins. Co. v. Christy*, 200 N.W.2d 834 (Iowa 1972); *Gerhardt v. Continental Ins. Cos.*, 48 N.J. 291, 225 A.2d 328 (1966); *Carter v. Virginia Surety Co.*, 187 Tenn. 595, 216 S.W.2d

324 (1948); *Rocky Mountain Fire & Cas. Co. v. Rose*, 62 Wash.2d 896, 385 P.2d 45 (1963).

6. *Maryland Cas. Co. v. Sammons*, 63 Ga.App. 323, 11 S.E.2d 89 (1940); *Preferred Risk Mut. Ins. Co. v. United States Fidelity & Guaranty Co.*, 77 Ill.App.3d 266, 32 Ill.Dec. 799, 395 N.E.2d 1180 (1979); *GRP, Ltd. v. United States Aviation Underwriters, Inc.*, 70 Mich.App. 671, 247 N.W.2d 583 (1976), *aff'd*, 402 Mich. 107, 261 N.W.2d 707 (1978).

7. *Glens Falls Ins. Co. v. United States Fire Ins. Co.*, 41 App.Div.2d 869, 342 N.Y.S.2d 624 (1973), *aff'd*, 34 N.Y.2d 778, 358 N.Y.S.2d 773, 315 N.E.2d 813 (1974); *Sucrest Corp. v. Fisher Governor Co.*, 83 Misc.2d 394, 371 N.Y.S.2d 927 (Sup.Ct.1975).

waives all its coverage defenses by proceeding with the defense of the insured, or (2) whether it may validly elect to defend under a reservation of the right to refuse later to indemnify on the ground of noncoverage. This Court has held that the duties of defense and payment are quite distinct, *American Policyholders' Ins. Co. v. Cumberland Cold Storage Co.*, Me., 373 A.2d 247 (1977), but has not yet had occasion to pass on questions relating to waiver. It would be unfair, the appellant argues, to put liability insurers in a position where they had to choose between defending, with no assurance that they would not be held to have waived all coverage defenses, or suing for a declaratory judgment, with liability for the insured's attorneys' fees if the suit is unsuccessful.

■ Because the liability insurer's duty of defense is so extensive and the burden on the insured of a breach of that duty is likely to be so heavy, we conclude that the insurer should not enjoy the usual freedom to litigate without concern about the possibility of having to pay the other party's attorneys' fees. When the duty to defend is clear from the policy and the pleadings, so that the insurer's commencement of the declaratory judgment action must be attributed to a refusal in bad faith to honor its obligation under the policy, the insured should be entitled to his reasonable attorneys' fees in defending the declaratory judgment action as an element of damages for the insurer's breach of its contract obligation. *See Montgomery Ward & Co. v. Pacific Indem. Co., supra.* [8]

■ The question in the present case thus narrows to whether the duty to defend the town against Cynthia Berry's wrongful death action was entirely clear on February 28, 1977, when the insurer brought its suit for declaratory judgment. For two reasons, we believe that the insurer's duty to defend was not so clear in this case that its suit must be deemed brought in bad faith: First, *American Policyholders' Ins. Co. v. Cumberland Cold Storage Co., supra*, had

not yet been decided, so that, at the time the insurer brought the action, it had little guidance from Maine law about the nature and scope of its responsibility to defend the town. Second, and more important, the allegations of Cynthia Berry's complaint against the town left it somewhat unclear whether the theory of her suit brought her claim within the coverage of the policy. As the presiding justice correctly found, it was the *possibility* that her complaint embraced a claim of negligence in the performance of street cleaning and repair operations that brought the town's liability within the scope of the policy, whether reformed or not, as an exception to an exclusion. That possibility was not something that was obvious on the face of the complaint. It cannot be said, on the basis of the facts in this case, that the insurer's bringing of the declaratory judgment action must be attributed to a bad-faith refusal to honor its contract obligation to defend.

The entry is:

Judgment declaring plaintiff obligated to defend, affirmed.

Judgment awarding attorneys' fees to the town, modified to exclude fees expended in defending the declaratory judgment action.

All concurring.

---

**8.** We intimate no opinion on whether such fees are recoverable where the insured brings the action to compel the insurer to defend. *See* the New York cases cited *supra* n. 7.