## NORTH EAST INSURANCE COMPANY

v.

### Roland D. TANGUAY et al.

Supreme Judicial Court of Maine.

Argued Nov. 9, 1983.
Decided Dec. 7, 1983.

Monaghan, Leahy, Hochadel & Libby, Christopher C. Dinan (orally), Portland, for plaintiff.

Thomas M. Mangan (orally), Rocheleau, Fournier & Lebel, P.A., Ronald P. Lebel (orally), Lewiston, for defendants.

Before McKUSICK, C.J., and NICHOLS, ROBERTS, WATHEN, GLASSMAN and SCOLNIK, JJ.

MEMORANDUM OF DECISION.

In a declaratory judgment action such as this, the plaintiff insurance company's prayer for a declaratory judgment that it has no duty to defend must be denied if "the underlying complaint ... show[s], through general allegations, a possibility that the liability claim falls within the insurance coverage." *Union Mutual Fire Insurance Co. v. Inhabitants of Town of Topsham,* 441 A.2d 1012, 1015 (Me.1982). "Moreover, where there is an ambiguity in the language of the policy, the doubt should be resolved in favor of finding that the insurer has a duty to defend the insured." *Id.*

North East Insurance Company here relies on a policy exclusion that it claims is as broad as any liability imposed by the Dram Shop Act, 17 M.R.S.A. § 2002 (1983). We do not decide whether the insurance policy exclusion is that broad, because in any event the underlying complaints against the insureds contain general allegations that show a possibility of liability beyond any

imposed by the Dram Shop Act. For example, the underlying complaints allege that the actions are brought only *"in part,* pursuant to 17 M.R.S.A. § 2002" (emphasis added), and further allege that "[d]efendants were negligent, careless, reckless and acted in wanton disregard of the rights and safety of Plaintiffs and decedents in the staging and conduct of said social function." The facts as so alleged cannot be viewed as necessarily constituting a violation of the Dram Shop Act. This case must be contrasted with *Marston v. Merchants Mutual Insurance Co.,* 319 A.2d 111, 113–15 (Me. 1974), in which the Law Court "found that the facts as alleged constituted a violation of the Dram Shop Act, which was outside the insurance coverage." *Travelers Indemnity Co. v. Dingwell,* 414 A.2d 220, 226 (Me.1980).

The entry is:

Judgment declaring obligation of plaintiff insurer to defend is affirmed.

All concurring.