### Carol B. COOMBS

v.

### Elbridge A. RUSSELL, et al.

Supreme Judicial Court of Maine.

Argued April 29, 1986.

Decided June 20, 1986.

Hewes, Douglas, Whiting & Quinn, John J. Aromando (orally), Portland, for plaintiff.

Verrill & Dana, Timothy S. Keiter (orally), Paul F. Driscoll, A.M. Horton, Portland, for defendant.

Before McKUSICK, C.J., and NICHOLS, ROBERTS, VIOLETTE, WATHEN and SCOLNIK, JJ.

SCOLNIK, Justice.

The defendant, Elbridge Russell, appeals from the Superior Court's (Oxford County) denial of his motion to dissolve an ex parte order approving trustee process against credits in the possession of the Government Employees Insurance Company (GEICO)

---

by the plaintiff, Carol Coombs. The subject of the order for trustee process is the attorneys' fees that the court ordered GEICO to pay Russell as a result of a declaratory judgment in his favor that the insurer is obligated to defend and indemnify Russell in this personal injury action. Because no trustee summons was served, we vacate the judgment.

The plaintiff commenced this action seeking damages for personal injuries that she sustained in a single car accident which occurred on July 6, 1978. At the time of the accident, the plaintiff was a passenger in a vehicle driven by Russell. Russell requested Lumbermans Mutual Casualty Corporation and GEICO to defend and indemnify him. After they refused, Russell filed a complaint for declaratory judgment against each of the insurance companies. These actions were consolidated for trial in the Superior Court (Oxford County).

On February 14, 1985, the Superior Court held that only GEICO had a duty to defend and to indemnify Russell. Further, the trial justice found that GEICO's refusal to defend was in bad faith. *See Union Mut. Fire Ins. Co. v. Town of Topsham*, 441 A.2d 1012, 1019 (Me.1982) (even though there may be contractual duty to defend, an insurer is not liable for attorneys' fees incurred by the insured in declaratory judgment action brought by the insurer absent a finding of bad faith refusal to defend). Therefore, he ordered GEICO to pay Russell both his attorneys' fees incurred in the declaratory judgment action and those incurred prior to February 14, 1985, in the defense of this action.

Shortly after judgment was entered in the declaratory judgment action, the plaintiff filed a motion pursuant to Rule 4B(h) of the Maine Rules of Civil Procedure for an ex parte approval of trustee process against Russell. In that motion, the plaintiff sought, *inter alia,* approval of trustee process attaching the attorneys' fees that GEICO had been ordered to pay Russell. On March 6, 1985, the Superior Court granted the motion. GEICO was never served a trustee summons. On July 15, 1985, Russell filed a motion to dissolve the order approving ex parte trustee process. The Superior Court denied the motion and this appeal followed.

On appeal, Russell argues that the attorneys' fees awarded to him are not subject to trustee process because at the time process was approved, the award of fees was subject to an appeal. Procedural defects in this case prevent us from reaching this issue.

We determine the validity of trustee process on the state of facts existing at the moment process was served. *See Land Inv. Inc. v. Murphy,* 384 A.2d 454, 455 (Me.1978) (per curiam); *Loyal Erectors, Inc. v. Hamilton & Son, Inc.,* 312 A.2d 748, 752 (Me.1973); *Holmes v. Hilliard,* 130 Me. 392, 394, 156 A. 692, 693 (1931). The service on the trustee binds all credits of the principal defendant possessed by the trustee. *See* 14 M.R.S.A. § 2603 (1980). The record reveals that GEICO has never been served with a trustee summons and therefore did not file a trustee's disclosure. *See* M.R.Civ.P. 4B(b), (d). Because trustee process was not effected, we have no factual basis for determining the validity of the trustee process.

Furthermore, Rule 4B(c) makes clear that trustee process must be served within thirty days after the date of the order approving the attachment. Since GEICO never has been served, the plaintiff has failed to comply with the rule. Upon the expiration of thirty days from the entry of the order approving trustee process, that order lapsed. Thus, at the time the defendant filed his motion to dissolve the ex parte order approving trustee process, there was no existing viable order.

Accordingly, for the above reasons, the Superior Court erred by denying the motion to dissolve the "order" for ex parte trustee process.

The entry is:

Judgment vacated. Remanded to the Superior Court with instructions to dissolve the order approving trustee process.

All concurring.