34 F.3d 1065
NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
 TOWN of Farmington, ET AL., Plaintiffs, Appellants,
v.
TUDOR INSURANCE COMPANY Defendant, Appellee.
 No. 94-1333
 United States Court of Appeals,
First Circuit.
 September 2, 1994
 
 Appeal from the United States District Court for the District of Maine [Hon. Morton A. Brody, U.S. District Judge ]
 Martica S. Douglas with whom Douglas, Whiting, Denham & Rogers was on brief for appellants.
 Before Torruella, Boudin, and Stahl Circuit Judges.
 Per curiam.
 
 
 1
 Plaintiffs Town of Farmington, its Board of Selectmen, and Steven S. Moore, the superintendent of Farmington's sewage treatment plant (collectively, "the Town") filed this diversity action seeking a declaration that Tudor Insurance Co. ("Tudor") has a duty to defend the Town against a suit brought by Cottle Enterprises ("Cottle"). Cottle, the developer of a mobile home park frustrated by the Town's refusal to allow more than two sewer hook-ups a year at the new park, sued the Town in state court seeking damages because of the hook-up limitation. A magistrate-judge recommended that the district court grant Tudor's motion for summary judgment, reasoning that all of Cottle's claims fall within the "inversion condemnation exclusion" clause of the municipal liability insurance policy issued to the Town by Tudor. The district court adopted the recommendation and entered judgment in favor of Tudor. This appeal followed. Because our independent analysis leads us to the conclusion that Tudor is indeed "entitled to judgment as a matter of law," Fed. R. Civ. P. 56(c), we affirm.
 
 I.
 
 2
 The facts underlying this appeal are undisputed and adequately laid out in the written opinion of the magistrate- judge, see Town of Farmington v. Tudor Ins. Co., No. 93-0074-B (Jan. 31, 1994). The parties agree that Maine law governs the interpretation of the Town's insurance policy. The language in dispute is the following:
 
 
 3
 [Tudor] shall not be liable to make payment for Loss in connection with any claim made against the Insureds allegedly, based upon or arising out of ... inverse condemnation....
 
 II.
 
 4
 The Town's first argument on appeal is that the magistrate-judge failed to follow Maine law in determining that the phrase "inverse condemnation" is unambiguous. We disagree. Maine law favors the insured in construing ambiguities in insurance contracts and encourages an expansive view of the insurer's duty to defend. See, e.g., Union Mut. Fire Ins. Co. v. Inhabitants of Topsham, 441 A.2d 1012, 1015 (Me. 1982). Nonetheless, even if the boundaries of "inverse condemnation" are not firmly settled, we believe the phrase has an unambiguous core meaning, namely, "[a] cause of action against a government agency to recover the value of property taken by the agency, though no formal exercise of the power of eminent domain has been completed," Black's Law Dictionary 740 (5th ed. 1979). Cottle's "confiscatory taking" claim (Count I of its complaint) clearly fits within this category.
 
 
 5
 The Town next suggests that the magistrate-judge incorrectly determined that the other counts in Cottle's complaint are "based upon or aris[e] out of ... inverse condemnation." Once again, we cannot agree. Like the magistrate-judge, we think that Baywood Corp. v. Maine Bonding & Casualty Co., 628 A.2d 1029 (Me. 1993), provides the relevant framework for analyzing the merits of Tudor's motion for summary judgment.[1] In that case, Baywood, a real estate developer, sought a declaration that Maine Bonding, its insurer, had a duty to defend it against a lawsuit by a condominium association representing buyers of units developed by Baywood. The association alleged that Baywood performed faulty work in designing the development's sewer system, and sought compensation for the cost of replacing or upgrading the system. While Maine Bonding would have had a duty to defend Baywood against an allegation of property damage, the insurance policy at issue specifically excluded coverage for claims seeking the repair or replacement of faulty work. See id. at 1031. The court held that because the association's claim was qualitatively different from the type of third party claim covered by the policy at issue, Maine Bonding had no duty to defend Baywood. See id. In reaching this conclusion, the court focused exclusively on the type of harm alleged, attaching no importance to the fact that the underlying complaint charged that Baywood's faulty work amounted to a violation of various legal duties. See id. at 1030 (noting that the association had alleged "fraudulent misrepresentation, breach of warranty, breach of contract, negligence, negligent misrepresentation, and a violation of the uniform fraudulent transfer act").
 
 
 6
 An analysis of the type of harm alleged in Cottle's complaint leads to a similar conclusion in this case. Cottle seeks compensation for the diminution in the value of his land caused by the Town's regulatory actions. Although the complaint alleges that the Town's regulatory maneuvers are violative of a number of constitutional and common law duties, each count seeks compensation for the same type of harm alleged in the "confiscatory taking" count. In other words, Cottle has not alleged any wrongful conduct that does not "arise[ ] out of ... inverse condemnation." Therefore, the inverse condemnation exclusion clause and Maine law (as expounded in Baywood ) combine to preclude the Town's claim.
 
 III.
 
 7
 For the foregoing reasons, we affirm the district court's entry of summary judgment.
 
 
 8
 So ordered.
 
 
 
 [1]
 We note with dismay that, although Baywood was cited prominently by the magistrate-judge, see Town of Farmington, slip op. at 5 n.2, the Town chose not to mention, much less distinguish, the case in its brief