STATE OF MAINE                                    SUPERIOR COURT
                                                  CIVIL ACTION
CUMBERLAND, ss.                                   DOCKET NO: CV-03-586

                                                  RAC=(UM-

FOREMOST INSURANCE COMPANY,          *
                                     *
              Plaintiff              *
                    STATE OF MAINE
              Cumberland, ss, Clerk's Office       ORDER
     v.              SUPERIOR COURT

                        JUN 2 0 2006
ROBERT LEVESQUE, ET AL.,                           *

              Defendant RECEIVED

    This case comes before the Court on Plaintiff Foremost Insurance

Company's motion for entry of judgment. Foremost asks the Court to recognize

March 11, 2005, as the final disposition of this case, or in the alternative, the date

of this Order.  After hearing, the motion is granted as of the date of this Order.

    Percy Levesque, Robert Levesque's father, was injured while helping his

son move a washing machine from Robert's truck into a shed attached to his

mobile home.  Foremost Insurance is Robert's homeowner insurer and Patriot

Mutual Insurance is his auto insurer.

    Foremost commenced representation of Robert when Percy filed suit

against Robert, *Percy Levesque v. Robert Levesque*, Aroostook Superior Court, CV-

02-64, claiming that his injuries were caused by Robert's negligence. That action,

however, was stayed when Foremost filed a parallel complaint against Robert,

Percy, and Patriot Mutual seeking a declaratory judgment that it had no duty to

indemnify Robert for the negligence claim.  Patriot Mutual filed a cross motion

for summary judgment arguing that it also had no duty to indemnify.  Because

Robert was left without representation in the declaratory action, he was forced to hire an attorney to defend his interests against Foremost.

On February 27, 2004, the Superior Court denied Foremost's motion for summary judgment and granted Patriot Mutual's motion for summary judgment. On February 25, 2005, the Law Court affirmed the Superior Court decision. It issued its mandate on March 11, 2005. Although the Law Court affirmed that Foremost, rather than Patriot Mutual, had a duty to indemnify Robert, the motions for summary judgment were brought by only two of the four parties. Technically speaking then, the declaratory judgment action continued in the Superior Court against the remaining Defendants Percy and Robert.[1]

On October 11, 2005, Robert filed a motion for attorney fees and expenses generated as a result of this declaratory judgment action. On February 27, 2006, the Superior Court held that Robert was entitled to attorney fees. Foremost appealed that decision and the Law Court dismissed the appeal as interlocutory and premature.

Simply put, Foremost placed its insured in a compromising situation by bringing suit against him on the issue of whether or not it had a duty to indemnify him in the underlying tort action. When it was determined by the Superior Court and eventually the Law Court that Foremost did indeed have a duty to indemnify Robert, what logically and ethically follows is that Foremost pay for Robert's attorney fees and costs to defend himself. Primarily, that is because the Maine law recognizes the extensive burden imposed on insureds

---

[1] Because of the rare procedural posture of the case, the confusion surrounding the date of final disposition is understandable. Generally speaking, when summary judgment is granted on behalf of one defendant, and two more remain, the case remains alive. This further explains why this case is currently on the trial list.

when litigating against their insurers on a coverage issue. *See Gibson v, Farm Family Mut. Ins. Co.*, 673 A.2d 1350 (Me. 1996) (Requiring an insured to defend and indemnify if there is the potential or possibility for liability under the policy); *Union Mut. Fire Ins. Co. v. Town of Topsham*, 441 A.2d 1012, 1019 (Me. 1982).

Although Foremost argued that Robert's motion for attorney fees was untimely filed, it can make no argument, nor does it attempt to, that it was prejudiced by this motion. That is because on multiple occasions, Robert placed Foremost on notice of his expectation that Foremost would be paying his attorney fees, including in his Superior Court argument on June 2, 2004, and in letters to Foremost's counsel dated June 9, 2004, October 4, 2004, and March 8, 2005.

At this juncture, it appears that the underlying tort action in Aroostook County has been settled between all parties, and the coverage and attorney fee issues are decided.[2] The Court hereby ORDERS the clerk to enter final judgment in this matter as of the date of this Order. Furthermore, Foremost is ORDERED to pay Robert's attorney fees without further delay.

---

[2] Although this Court did not expressly find that the claim for attorney fees was integral to this case, it is clear in Maine, as explained above, that when an insurer forces an insured to litigate a coverage issue and loses, the insurer is responsible for the insured's attorney fees. Rule 54(b)(2) of the Maine Rules of Civil Procedure provides that if the issue of attorney fees is so integral to the claims, entry of final judgment is inappropriate until that issue is resolved.

> In an action in which there is a claim for attorney fees, a judgment entered on all other claims shall be final as to those claims unless the court expressly finds that the claim for attorney fees is integral to the relief sought. If the court so finds, any order or other form of decision, however designated, shall not terminate the action as to any claim and is subject to revision at any time before the entry of a final judgment adjudicating all claims including that for attorney fees.

M.R. Civ. P. 54(b)(2).

DATE: _____ June 20, 20

_____
Roland A. Cole
Justice, Superior Court

4

JAMES FORTIN ESQ
PO BOX 7108
PORTLAND ME 04112

— Fort mus⸘Ins

JAMES POLIQUIN ESQ
PO BOX 4600
PORTLAND ME 04112

— Patriots Mutual.

SCOTT HUNTER ESQ
PO BOX 665
CARIBOU ME 04736

— Perry Levesque

WENONAH WIRICK ESQ
30 FRONT STREET     SUITE 2
BATH ME 04530

Robert
Levesque