MAINE SUPREME JUDICIAL COURT                    Reporter of Decisions
Decision:     2017 ME 50
Docket:       Aro-16-6
Submitted
  On Briefs:  July 20, 2016
Decided:      March 16, 2017
Corrected:    June 29, 2017

Panel:        SAUFLEY, C.J., and ALEXANDER, <u>MEAD</u>, GORMAN, JABAR, HJELM, and HUMPHREY, JJ.

KENNETH CABRAL

v.

DANIELLE L'HEUREUX

MEAD, J.

[¶1]     Danielle L'Heureux appeals from a judgment entered in the District Court (Houlton, *O'Mara, J.*) that established parental rights and responsibilities and awarded Kenneth Cabral primary physical residence of the parties' two daughters.  L'Heureux argues that the court erred in considering and relying upon evidence offered in a separate proceeding concerning the same parties.  We agree and vacate the order and remand for further proceedings.

## I.  BACKGROUND

[¶2]   The following facts are established in the record in this matter. L'Heureux and Cabral are the parents of two daughters, ages nine and twelve at

the time of the District Court's October 14, 2015, order. At the time Cabral commenced a complaint for determination of parental rights and responsibilities and child support in the District Court at Lewiston in August 2012, the girls were residing with him at his home in Aroostook County. L'Heureux resided in Auburn, and the children had been residing with her until the month before Cabral's filing. After multiple continuances, the case was transferred to the District Court at Houlton in March 2014. A hearing was held on the complaint on September 28, 2015, and the court issued its decision on October 14, 2015.

[¶3] Cabral, his daughters, and his partner and her three children live in a mobile home that suffers from a significant lack of adequate heating and sanitation facilities, including a lack of running water in the past. The elder daughter testified to her distress in living under the conditions in the mobile home. The mother of a friend of one of the daughters testified to the conditions within the trailer after briefly observing them when bringing the daughter home. She reported that Cabral prohibited his daughter from visiting the friend's house after the visit.

[¶4] L'Heureux resides in an apartment in Auburn. She testified that she had been engaged in an "unhealthy relationship" that concluded three years

3

prior to the hearing. She was arrested at her apartment for disorderly conduct, but the charges were later dropped.

[¶5] During the period between the filing of the parental rights complaint by Cabral in 2012 and the issuance of the court's October 14, 2015, order, Cabral obtained two protection orders against L'Heureux: an order for protection from abuse from the District Court at Lewiston, and an order for protection from harassment from the District Court at Houlton. At the conclusion of the evidence in the parental rights case, the court announced that it was going to take judicial notice of the protection from harassment case that it had presided over in April and June 2014.[1] The October 2015 parental rights and responsibilities order includes the following statement:

> The court has carefully considered the evidence, and has taken judicial notice of the pleadings, *testimony* and orders in HOUDC-PA-14-10 and hereby renders its Judgment . . . .

(Emphasis added.)

[¶6] After the issuance of the order and the denial of L'Heureux's motion for amended or additional findings, L'Heureux timely appealed.

---

[1] The court's statement and the text of the parental rights and responsibilities order make reference to a protection from abuse case. Although the record is not altogether clear, it appears that the matter was actually a protection from harassment complaint commenced pursuant to 5 M.R.S. § 4653 (2016), and we will refer to it as such throughout this decision.

## II. DISCUSSION

[¶7]   The court's judgment includes three findings that could be perceived as adverse to L'Heureux on issues regarding primary residence and parental contact: (1) she was arrested on a disorderly conduct charge—which was later dismissed—for an unknown circumstance at her apartment; (2) she was involved in an "unhealthy relationship"—the circumstances of which are not elucidated in the record—that concluded three years prior to the hearing; and (3) she supported a man who reportedly was charged with abusing one of Cabral's partner's children.[2]

[¶8]  The first two findings, while adverse to L'Heureux's position, are not overwhelming or dispositive.  By contrast, the third raises profound questions regarding L'Heureux's judgment and interactions with minor children.

[¶9]  None of the facts supporting this third finding appear in the record of the parental rights proceedings.  They are drawn, as noted in the judgment, wholly from testimony presented in the earlier protection from harassment hearing.  The court incorporated the testimony from the separate action under the rubric of judicial notice.

---

[2]  The court found, without evidence in the record of this matter, that L'Heureux called her own daughter a liar and expressed great disappointment that she would testify against the man.  The court further found that L'Heureux went to her children's school and caused a scene that resulted in a partial lockdown of the school.

5

[¶10]   The doctrine of judicial notice is well established in Maine. Rule 201 of the Maine Rules of Evidence, which codifies prior Maine practice, defines the type of adjudicative facts that may be judicially noticed as follows:

> **(b)  Kinds of facts that may be judicially noticed.**  The court may judicially notice a fact that is not subject to reasonable dispute because it:
>
> (1) Is generally known within the trial court's territorial jurisdiction; or
>
> (2) Can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.

M.R. Evid. 201(b).  Maine courts have historically applied judicial notice to a wide variety of indisputable facts.  *See* Field & Murray, *Maine Evidence* § 201.2 at 55-57 (6th ed. 2007) (providing illustrative examples).  Courts may take judicial notice of pleadings, dockets, and other court records where the existence or content of such records is germane to an issue in the same or separate proceedings.[3]  *See Finn v. Lipman*, 526 A.2d 1380, 1381 (Me. 1987); *Union Mut. Fire Ins. Co.* v. *Town of Topsham*, 441 A.2d 1012, 1016 (Me. 1982).

---

[3] The case of *In re Scott S.*, 2001 ME 114, ¶¶ 12-13, 775 A.2d 1144, confirms a unique evidentiary treatment that is applicable only to child protective proceedings wherein a judge may consider and rely upon evidence submitted in earlier hearings—as long as the same judge heard the evidence—because such proceedings are unitary in nature.

[¶11]  The doctrine of judicial notice, as defined in Rule 201 and our precedents, does not, however, open the door to the consideration of testimony and exhibits offered in separate proceedings.  A clear line of demarcation exists between the *fact* that a pleading, docket entry, or order exists in separate proceedings—all of which are subject to judicial notice if germane to an issue in later judicial proceedings—and the actual *evidence* submitted in the earlier proceedings.  A court may incorporate evidence submitted in earlier, separate proceedings by agreement of the parties, or admit pertinent *findings* made in a different proceeding if those findings meet the requirements of collateral estoppel, but it cannot, under the rubric of judicial notice, simply *sua sponte* import and rely upon evidence presented in an earlier judicial proceeding.[4]

[¶12]  Upon this record, it appears that the prior, separate body of evidence relied upon by the court loomed large in its decision to award primary physical residence to Cabral despite the circumstances in his home and the expressed wish by the older child to live with her mother.  Because the court's

---

[4] We note the occasional, but inaccurate, shorthand use of the term "judicial notice" by counsel who simply wish the court to accept facts or evidence that is outside the actual evidentiary record— for example, where a companion case has already proceeded to trial and incorporation of the record in that first case would create efficiencies in the second.  Although the parties may agree to submission of that record in evidence in the newer matter, it is not done through the application of judicial notice.  Judicial notice is a narrow concept that requires specific findings as provided in M.R. Evid. 201(b); it should not be referenced except in circumstances that truly constitute judicial notice. *In re Jonas*, 2017 ME 115, ¶ 38 n.10, --- A.3d ---.

7

error in relying upon that evidence absent the consent of the parties or another legitimate evidentiary basis cannot be deemed harmless, we vacate the judgment and remand the matter for further proceedings that may include, at the court's discretion, further hearing or rehearing.

The entry is:

> The judgment establishing parental rights and responsibilities is vacated and the matter is remanded to the District Court for further proceedings.

_____

Richard L. Rhoda, Esq., Houlton, for appellant Danielle L'Heureux

Kenneth Cabral did not file a brief

Houlton District Court docket number FM-2014-33
FOR CLERK REFERENCE ONLY