**CONCORD GENERAL MUTUAL INSURANCE COMPANY, Plaintiffs,**

v.

**Robert HALE and Jennifer Shoemaker, Defendants.**

**Civil No. 96–135–P–H.**

United States District Court, D. Maine.

Feb. 3, 1997.

**32**

John S. Whitman, Richardson Whitman Large & Badger, Portland, ME, for Plaintiff.

Charles H. Abbott, Stephen B. Wade, Skelton, Taintor & Abbott, Auburn, ME, for Robert Hale, Defendant.

William A. Fogel, Daniel G. Lilley Law Offices, P.A., Portland, ME, for Jennifer Shoemaker, Defendant.

### ORDER ON PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

HORNBY, Chief Judge.

■ In this diversity action, an insurance carrier seeks a declaratory judgment that a homeowner's insurance policy does not protect the 55–year-old insured in a lawsuit ac-cusing him of assault and battery and intentional infliction of emotional distress through coerced sexual activity with a sixteen-year-old.[1] The policy at issue contains an exclusion for "bodily injury ... which is expected or intended by the insured."

I conclude, first, that there is no duty to defend under the policy. *See American Policyholders' Ins. Co. v. Cumberland Cold Storage Co.,* 373 A.2d 247, 249 (Me.1977) (determining the duty to defend by comparing the insurance policy with the complaint). In making such a decision, I look for the possible existence of "any legal or factual basis for payment under a policy," *Gibson v. Farm Family Mut. Ins. Co.,* 673 A.2d 1350, 1352 (Me.1996), but the complaint against the insured is not susceptible to a reading of anything short of intentional and coerced sexual activity. Although the charge of intentional infliction of emotional distress describes the infliction as performed "intentionally or recklessly," *Shoemaker v. Hale,* No. CV–95–375 (Me.Super.Ct.Cum.Cty.), Compl. ¶ 24, the facts as alleged simply cannot support recovery for anything other than bodily injury that is "expected or intended by the insured,"[2] and therefore excluded from the policy. *See Perreault v. Maine Bonding & Cas. Co.,* 568 A.2d 1100, 1101 (Me.1990) ("We rule as a matter of law that any injury produced by a criminal act of sexual abuse against a child is 'injury—expected or intended by the insured' within the meaning of the homeowner's exclusion.").

■ The carrier also requests a ruling that it has no duty to indemnify. That request, however, is premature until there is a recovery and the basis for the recovery can be identified. *See Cumberland Cold Storage,* 373 A.2d at 251 ("[T]he indemnification obligation depends upon the theory under which judgment is entered in the underlying damage action.").

---

1. A claim for negligent infliction of severe emotional distress was dismissed with prejudice.

2. This case is not like *Patrons–Oxford Mut. Ins. Co. v. Dodge,* 426 A.2d 888, 890 (Me.1981), where the action in question could have been performed recklessly rather than intentionally. It is also unlike *Burns v. Middlesex Ins. Co.,* 558 A.2d 701, 702–03 (Me.1989), where the intentional torts of slander and invasion of privacy did not automatically produce bodily injury. The complaint here simply does not bear the reading that the insured thought he had the consent of the sixteen-year-old young woman and that no injury was therefore expected.

Accordingly, summary judgment is GRANT-ED IN PART to the plaintiff. The Clerk shall enter judgment as follows: Concord General Mutual Insurance Company has no duty to defend Robert Hale in the lawsuit brought against him by Jennifer Shoemaker. The remainder of the complaint seeking a declaration on the duty to indemnify is DISMISSED WITHOUT PREJUDICE.

So ORDERED.[3]

3. The defendants' motion for permission to file supplemental memorandum and the plaintiff's motion to strike the filing are resolved as follows: I accept the submission of the complaint in the Gibson case, but otherwise STRIKE the memorandum. I do not find that oral argument would be of assistance in this dispute and the request for oral argument is therefore DENIED.