STATE OF MAINE                                    SUPERIOR COURT
YORK, ss.                    RECEIVED STATE OF MAINE      Civil Action
                                                  Docket No. CV-06-168
                             2001 JUL 31  A 10: 40    PAE- -YOR - 7/31/

STATE FARM MUTUAL AUTOMOBILE           )
INSURANCE COMPANY, UNITY OF YORK CLERKS OFFICE
                                       )
               Plaintiff               )                    DONALD L. LAW JAN 07 2006
                                       )
        v.                             )
                                       )
PRAMODH KOSHY,                         )
                                       )
               Defendant               )     DEFENDANT'S MOTION TO
                                       )     STAY PROCEEDINGS
and                                    )
                                       )
ENTERPRISE RENT-A-CAR COMPANY          )
OF BOSTON, INC., SCANDENT GROUP,       )
INC., SCANDENT INDIA, ANDREW           )
BOUCHARD, JR., TAMMY E. ROBBINS,       )
KENNETH A. DIXON, ANNA N. DIXON,       )
EUGENE LO and RANJINI,                 )
                                       )
               Parties-In-Interest     )

        Defendant Pramodh Koshy ("Mr. Koshy"), by and through undersigned counsel,

respectfully requests that this Honorable Court stay all proceedings in this declaratory

judgment action brought by State Farm Mutual Automobile Insurance Company ("State

Farm"), with the exception of Plaintiff's motion for summary judgment, for the following

reasons:

        In this declaratory judgment action, the discovery deadline has passed, the motion

deadline is imminent, and preparation for trial is the next step. Plaintiff State Farm has

filed a motion for summary judgment. In his opposition to the motion for summary

judgment, Mr. Koshy drew a necessary distinction between the duty to defend and the duty to indemnify. Because the duty to defend is a separate question from the duty to indemnify, the Maine Supreme Judicial Court has held that, "if courts conclude that an insurer owes its insured the duty to defend an underlying action, it should defer ruling on indemnity." *Northern Sec. Ins. Co. v. Dolley*, 669 A.2d 1320, 1323 (Me. 1996).

If, in ruling on the motion for summary judgment, the Court finds that State Farm has no duty to defend, *a fortiori* State Farm will have no duty to indemnify. If, on the other hand, the Court finds that State Farm does have a duty to defend, the question of State Farm's duty to indemnify should be resolved not by a trial in the instant case now, but after the underlying tort action because, "[f]acts may come to light in the course of the underlying action that are material to the issue of indemnity." *Am. Policyholders' Ins. Co. v. Kyes*, 483 A.2d 337, 339 (Me. 1984). As the Law Court has pointed out, an insured "should not be required to litigate the underlying facts of a claim in order to obtain a defense to the litigation when he has already obligated an insurer by contract to defend him." *Elliott v. Hanover Ins. Co.*, 1998 ME 138, ¶ 7, 711 A.2d 1310, 1312.

WHEREFORE, Defendant respectfully requests that this Honorable Court stay all proceedings in this declaratory judgment action, with the exception of Plaintiff's motion for summary judgment, until after the resolution of the underlying tort action, Docket Number CV-04-151.

Dated at Portland, Maine this 30ᵗʰ day of July, 2007.

_____
Attorney for Defendant Pramodh Koshy

2

PETRUCCELLI, MARTIN & HADDOW, LLP
50 Monument Square
P. O. Box 17555
Portland, Maine 04112-8555
(207) 775-0200

By:    James B. Haddow, Esq. – Bar No. 3340


## NOTICE

Matter in opposition to this Motion must be filed not later than twenty-one (21) days after the filing of this Motion, unless another time is provided by the Maine Rules of Civil Procedure or set by the Court. Failure to file timely opposition will be deemed a waiver of all objections to the Motion, which may be granted without further notice or hearing.


## ORDER

In this case the plaintiff has been defending Prakpoll Stovhy in separate litigation, CV-04-151, regarding an automobile accident. State Farm has agreed that it will continue to do so.

"Normally a Court should defer ruling on indemnity. Facts may come out in the course of the action (the separate negligence case) that are material to the issue." Northern Security Insurance Company, Inc. v. Dolley, 669 A.2d 1320, 1323, ¶ 7 [ Me. 1996 ]. In these cases the facts are very well developed and it is highly unlikely that new information will be obtained. Therefore, in this unusual case where the material facts are not disputed in the underlying tort action the entry is:

Defendant's motion to stay proceedings is denied.

10/19/07                3                Paul A. [signature]