STATE OF MAINE
CUMBERLAND, ss.

BUSINESS AND CONSUMER COURT
DOCKET NO. BCD-CV-14-37 ✓

MERIDIAN MEDICAL SYSTEMS, LLC )
)
    Plaintiff, )
)
v. )
)
KENNETH CARR and APPLIED )
THERMOLOGIC, LLC )
)
    Defendants, )
)
v. )
)
JEFFREY CARR and ROBERT ALLISON, )
)
    Third-Party Defendants. )

ORDER ON KENNETH CARR'S
MOTION TO DISMISS AND JEFFREY
CARR AND ROBERT ALLISON'S
MOTION TO DISMISS THIRD-PARTY
COMPLAINT

Before the Court is Defendant Kenneth Carr's Motion to Dismiss and Third-Party

Defendants Jeffrey Carr and Robert Allison's Motion to Dismiss Third-Party Complaint.

Kenneth Carr is represented by Attorney Randy Creswell. Third-Party Defendants Jeffrey Carr

and Robert Allison are represented by Attorney Adam Prescott.

I.    Background

This case was first filed with the Court on May 2, 2014. It was brought by Meridian

Medical Systems, LLC ("MMS") against Kenneth Carr ("Kenneth")[1] and Applied Thermologic,

LLC ("ATL") for breach of contract, conversion, breach of fiduciary duty, fraudulent

---

[1] Because Third-Party Plaintiff Kenneth Carr and Third Party Defendant Jeffrey Carr share the same last name, the Court will refer to the parties by their first names.

1

concealment, intentional misrepresentation, and negligent misrepresentation. On May 29, 2014, Kenneth filed a third-party complaint against Jeffrey Carr ("Jeffrey") and Robert Allison ("Robert"). MMS subsequently filed for bankruptcy protections and the case was removed to the Bankruptcy Court. Following the Bankruptcy Court's January 11, 2018 Order approving a settlement agreement between Kenneth, ATL, and the chapter 7 trustee for MMS, the case was remanded to the Superior Court.

In April 2018, Kenneth filed a Motion to Dismiss, seeking dismissal of the complaint filed by MMS in 2014. On March 2, 2018, Kenneth moved the Court for leave to file an amended third-party complaint. The Court granted leave on May 8, 2018. Jeffrey and Robert move the Court to dismiss Kenneth's third-party complaint.

II.    Standard of Review

On review of a motion to dismiss for failure to state a claim, the Court accepts the facts alleged in the complaint as true. *Saunders v. Tisher*, 2006 ME 94, ¶ 8, 902 A.2d 830. The Court "examine[s] the complaint in the light most favorable to plaintiff to determine whether it sets forth elements of a cause of action or alleges facts that would entitle the plaintiff to relief pursuant to some legal theory." *Doe v. Graham*, 2009 ME 88, ¶ 2, 977 A.2d 391 (quoting *Saunders*, 2006 ME 94, ¶ 8, 902 A.2d 830). "For a court to properly dismiss a claim for failure to state a cause of action, it must appear 'beyond doubt that [the] plaintiff is entitled to no relief under any set of facts that might be proven in support of the claim.'" *Dragomir v. Spring Harbor Hosp.*, 2009 ME 51, ¶ 15, 970 A.2d 310 (quoting *Plimpton v. Gerrard*, 668 A.2d 882, 885 (Me. 1995)).

III.    Discussion

    A. Kenneth's Motion to Dismiss

Kenneth moves the Court to dismiss the claims brought against him by MMS arguing that MMS no longer exists and therefore has no standing to bring an action. Kenneth argues that a company becomes "defunct" upon filing for a chapter 7 bankruptcy proceeding, and therefore, since MMS no longer exists, it does not have standing to bring the action. Kenneth's Motion to Dismiss is unopposed.

The chapter 7 trustee abandoned MMS's claims against Kenneth. As such, the claims remain with the debtor, MMS, and are not considered assets of the chapter 7 bankruptcy. 11 U.S.C. § 554. Dissolution of a corporation does not "Prevent commencement of a proceeding by or against the corporation in its corporate name." 13-C M.R.S. § 1406(2)(E). The U.S. District Court for the District of Maine has held that "the dissolution of a corporation pointedly does not effectuate a 'metamorphosis,' or transfer of title to, its property," including claims brought in its name. *In re Two Admin. Subpoenas Duces Tecum*, 2005 U.S. Dist. LEXIS 11867, *25, 2005 WL 1429743. The MMS members, despite MMS's dissolution through bankruptcy, may continue to pursue claims brought by MMS.

The Court denies Kenneth's Motion to Dismiss. The Court would entertain a motion to dismiss for failure to prosecute claims pursuant to M.R. Civ. P. 41(b) if MMS fails to appear going forward.

    B. Jeffrey and Robert's Motion to Dismiss Third-Party Complaint

Jeffrey and Robert move the Court to dismiss Kenneth's Third-Party Complaint pursuant to the agreement reached in the Bankruptcy Proceeding on November 9, 2017 (the "Agreement"). Pursuant to the Agreement, Kenneth agreed to refrain from bringing claims against Jeffrey and Robert, and to dismiss any pending claims against Jeffrey and Robert, arising prior to the bankruptcy action that would have been indemnifiable under Paragraph 5.09 of the MMS Operating Agreement, statute, or common law. The Agreement, ¶ 6. The Agreement goes on to provide examples of claims that may be retained by Kenneth, including: "intentional and negligent infliction of emotional distress claims, the portion of fiduciary duty claims arising from a breach of the duty of loyalty, as well as those violations of the Maine LLC Act, tort claims and contract claims that arise from the bad faith of pertinent party or his failure to act in good faith and with the reasonable belief that his conduct was not opposed to the best interests of MMS." The Agreement ¶ 7. However, the same paragraph explains that the list of potential causes of action are "not a stipulation by the Trustee" and are subject to the parties' agreement that Kenneth will not pursue actions against Jeffrey and Robert that would have been indemnifiable by MMS.

In order to discern what claims Kenneth retained with regards to Jeffrey and Robert and what claims he agreed not to pursue, the Court must look to which claims arising prior to the bankruptcy proceeding would have been indemnifiable under the MMS operating agreement. Pursuant to The MMS Operating Agreement:

> 5.09 Indemnification and Exculpation. No Member, Manager, officer or the Affiliate of any Member, Manager, or officer, shall have any liability to the LLC or to any Member for any loss suffered by the LLC which arises out of any action or inaction of any such Member, Manager, officer or Affiliate if such Member, Manager, officer or Affiliate, as the case may be, in good faith, determined that such course of conduct was in the best interest of the LLC. The LLC shall indemnify any Member, Manager, or officer made a party to a proceeding because such Member, Manager, or officer acted or failed to act on

4

behalf of the LLC, against liability for a judgment, settlement, penalty, fine, including an excise tax assessed with respect to an employee benefit plan, or reasonable expenses incurred with respect to a proceeding, if the Member, Manager, or officer conducted himself in good faith and reasonably believed his conduct was not opposed to the best interests of the LLC.

The LLC may not indemnify any Person in connection with a proceeding by or in the right of the LLC in which such Person was adjudicated not to have acted in good faith in the reasonable belief such action or inaction was in the best interests of the LLC; or, in connection with any other proceeding charging improper personal benefit to such Person, whether or not involving action on behalf of the LLC, in which such Person was adjudged to be liable on the basis that personal benefit was improperly received by him. Any indemnification to be provided hereunder may be provided although the Person to be indemnified is no longer a Member, Manager, officer or Affiliate of a Member, Manager, or officer.

MMS Operating Agreement, ¶ 5.09. Accordingly, any actions taken by Jeffrey and Robert on behalf of MMS, as long as the actions were taken in good faith, would have been indemnified by MMS.

However, as the Law Court has repeatedly noted, whether or not a party has a contractual duty to indemnify depends upon the true facts of the case. *See American Policyholders' Ins. Co. v. Cumberland Cold Storage Co.*, 373 A.2d 247, 250, (Me. 1977); *Union Mut. Fire Ins. Co. v. Topsham*, 441 A.2d 1012, fn. 2 (Me. 1982); *Harlor v. Amica Mut. Ins. Co.*, 2016 ME 161, fn. 2, 150 A.3d 793. Here, the question of fact that must be answered prior to determining whether Jeffrey and Robert's actions would have been indemnifiable under the MMS Operating Agreement is whether Jeffrey and Robert acted in good faith. There is a genuine dispute of material fact as to whether Jeffrey and Robert's actions and inactions were taken in good faith. Because the Court cannot determine whether or not Jeffrey and Robert's actions would have been indemnifiable under the MMS Operating Agreement, the Court denies Jeffrey and Robert's Motion to Dismiss on the basis of the Agreement.

The Court now looks to the sufficiency of each individual claim in the Third-Party Complaint.

5

### i. Breach of Fiduciary Duty

Jeffrey and Robert move the Court to dismiss Kenneth's claim for breach of fiduciary duty. They claim that the only breach of duty asserted arises from the Operating Agreement duty of loyalty clause. Because Kenneth also asserts a count of breach of contract for the breach of the duty of loyalty found in the Operating Agreement, Jeffrey and Robert argue that a claim for breach of fiduciary duty is duplicative. Where Kenneth asserts that Jeffrey and Robert breached their statutory and common law duties to him in his claim for breach of fiduciary duty, he asserts that they breached duties agreed to pursuant to the Operating Agreement in his claim for breach of contract. Because the duties arising from statute and common law are not necessarily identical to those arising from the Operating Agreement, the Court finds that the two claims are not duplicative. The Court denies Jeffrey and Robert's motion to dismiss Kenneth's claim for breach of fiduciary duty as duplicative of Kenneth's claim for breach of contract.

### ii. Intentional Infliction of Emotional Distress

Jeffrey and Robert move the Court to dismiss Third-Party Plaintiff Kenneth's claim for intentional infliction of emotional distress. The elements of intentional infliction of emotional distress are:

(1) the defendant intentionally or recklessly inflicted severe emotional distress or was certain or substantially certain that such distress would result from [defendant's] conduct;
(2) the conduct was so extreme and outrageous as to exceed all possible bounds of decency and must be regarded as atrocious, utterly intolerable in a civilized society;
(3) the actions of the defendant caused the plaintiff's emotional distress; and
(4) the emotional distress suffered by the plaintiff was so severe that no reasonable [person] could be expected to endure it.

6

*Curtis v. Porter*, 2001 ME 158, ¶ 10, 784 A.2d 18 (internal quotation marks omitted). Kenneth's complaint alleges that "during a series of intentional and negligent acts designed to intimidate Kenneth into foregoing his rights as the founder of and stockholder in MMS, Jeffrey and Allison engaged in extreme and outrageous conduct that included coordinated attacks on Kenneth both personally and professionally." Amended Third-Party Complaint, ¶ 67. The Third-Party Complaint details allegations of numerous professional slights, omissions, and deceptions.

Jeffrey and Robert argue that the Third-Party Complaint does not allege facts sufficient to satisfy the element of "conduct [that] was so extreme and outrageous as to exceed all possible bounds of decency and must be regarded as atrocious, utterly intolerable in a civilized society." According to Maine's notice pleading standard, "[a] complaint need not identify the particular legal theories that will be relied upon, but it must describe the essence of the claim and allege facts sufficient to demonstrate that the complaining party has been injured in a way that entitles him or her to relief." *Burns v. Architectural Doors & Windows*, 2011 ME 61, ¶ 17, 19 A.3d 823; *citing Johnston v. Me. Energy Recovery Co.*, 2010 ME 52, ¶ 16, 997 A.2d 741; *Champagne v. Mid-Me. Med. Ctr.*, 1998 ME 87, ¶ 18, 711 A.2d 842, 848. In this case, Kenneth has set out facts sufficient to put Jeffrey and Robert on notice of the injury caused and the relief he seeks. The Court denies Jeffrey and Robert's Motion to Dismiss with respect to Kenneth's claim for intentional infliction in emotional distress.


iii. Civil Conspiracy

Jeffrey and Robert move the Court to dismiss Kenneth's claim for civil conspiracy arguing that since no tort claims should survive this motion to dismiss, a claim for civil

conspiracy must also be dismissed. "'Conspiracy' fails as the basis for the imposition of civil liability absent the *actual commission* of some *independently recognized tort*; and when such separate tort has been committed, it is *that tort*, and not the fact of combination, which is the foundation of the civil liability." *Cohen v. Bowdoin*, 288 A.2d 106, 110, 1972, *Citing Potter, Prescott, Jamieson & Nelson, P.A. v. Campbell*, 1998 ME 70, ¶ 8, 708 A.2d 283.

Were there no remaining tort claims, the Court would be compelled to dismiss Kenneth's claim for civil conspiracy. However, because the Court has denied Jeffrey and Robert's motion to dismiss Kenneth's claims for breach of fiduciary duty and intentional infliction of emotional distress, the Court also denies Jeffrey and Robert's motion to dismiss Kenneth's claim for civil conspiracy.[2,3]

### iv. Breach of Contract

Jeffrey and Robert move the Court to dismiss Kenneth's claim for breach of contract arguing that Kenneth has failed to allege that any specific provision of the Operating Agreement was breached. Kenneth argues that the Third-Party Complaint alleges violation of the implied duty of good faith and fair dealing that attaches to all limited liability company agreements, citing to 31 M.R.S. § 1522(2). According to 31 M.R.S. § 1522(2), "Notwithstanding any contrary provision of law, there exists an implied contractual covenant of good faith and fair dealing in every limited liability company agreement." There is no one provision of the MMS operating agreement that encompasses the implied covenant of good faith and fair dealing, however, such a covenant is found to exist in all limited liability company agreements. Because Kenneth has

---

[2] Jeffrey and Robert do not otherwise challenge the sufficiency of Kenneth's claim for civil conspiracy.
[3] The Court allows the claim for civil conspiracy, however, the Court does not rule on the matter of whether separate damages may be awarded as a result of a finding of civil conspiracy if a fact finder ultimately finds in favor of Kenneth on the claim for breach of fiduciary duty. *See Id.*

asserted facts sufficient to make out a claim for breach of the implied covenant of good faith and fair dealing, the Court denies Jeffrey and Robert's Motion to Dismiss with respect to Kenneth's claim for breach of contract.

IV.    Conclusion

The Court denies Defendant Kenneth Carr's Motion to Dismiss.

The Court denies Third-Party Defendants Jeffrey Carr and Robert Allison's Motion to Dismiss.

The Clerk is directed to incorporate this Order into the docket by reference pursuant to M.R. Civ. P. 79(a).

**DATE:**    8 / 14 / 18

_____
**Michaela Murphy**
**Justice, Business and Consumer Court**

Entered on the Docket: 8-17-18
Copies sent via Mail ___ Electronically ✓

9